ROBERT ALLISON *vs.* IRA F. HOBBS and others.

Piscataquis.    Opinion December 12, 1901.

*Trespass.    Pleading.    Action.    Election.    Damages.*

Where several persons jointly commit a tort, the person injured has his election to sue all or any of the joint tort-feasors, and, in an action against one or more may recover the damages caused by all jointly.

Persons who act separately and independently, each causing a separate and distinct injury, cannot be sued jointly, even though the injuries may have been precisely similar in character and inflicted at the same moment. Yet if such persons acting independently, by their several acts directly contribute to produce a single injury, each being sufficient to have caused the whole, and it is impossible to distinguish the portions of injury caused by each, they are then joint tort-feasors within the rule, and may be sued either jointly or severally at the election of the plaintiff, and in such an action against one or more the whole damage may be recovered.

The defendants, as assessors of the town of Milo for 1898, assessed a poll tax against the plaintiff as an inhabitant of that town. On June 16, 1899, the plaintiff was arrested for non-payment of the tax by the collector upon a warrant issued by the defendants and taken to the jail in Bangor. The plaintiff claimed that he was not an inhabitant of Milo that year, that consequently he was not liable to be assessed for a poll-tax therein, and that his arrest was illegal. Before his commitment to jail, in order to prevent such commitment and relieve himself from arrest, he paid the collector the tax and the costs of his arrest. In an action of trespass for the illegal arrest, the jury found for the plaintiff and the only question presented by the defendants' exceptions is as to an instruction upon the question of damages.

A poll tax had also been assessed against the plaintiff for 1897 by the assessors of Milo, but not these defendants, and for the non-payment of it the plaintiff was arrested simultaneously by the same collector of the tax of 1898. The plaintiff paid this tax to prevent his commitment to jail at the same time he paid the tax of 1898.

It was claimed, in defense, that the plaintiff having been arrested simultaneously by the same collector upon both warrants, the damages should be divided, and the defendants were liable for a portion thereof. *Held;* that the plaintiff, having been illegally arrested upon the warrant issued by the defendants, sustained no separate, and, in fact, no additional injury because of his illegal arrest at the same moment by the same person upon another tax warrant issued by other assessors, and continued concurrently with the other arrest, except as to the amount of money which he was

obliged to pay to free himself from arrest upon the 1897 tax warrant, and this sum, which appears to have been only the amount of the tax, was expressly excluded by the instruction to the jury, as an element of damage.

Exceptions by defendants.    Overruled.

Trespass against the assessors of taxes of the town of Milo for an illegal arrest of the plaintiff, upon a tax warrant issued by them to the collector of taxes.

The case appears in the opinion.

*J. B. Peaks and E. C. Smith,* for plaintiff.

*H. Hudson and M. L. Durgin,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J.    Action of trespass for the alleged illegal arrest and false imprisonment of the plaintiff, upon a tax warrant issued by the defendants.

The defendants as assessors of the town of Milo for the year 1898, assessed a poll-tax against the plaintiff as an inhabitant of that town. The tax was committed to the collector of taxes, who on June 16, 1899, arrested the plaintiff upon the warrant issued by the defendants and took him to Bangor for the purpose of committing him to jail.    The plaintiff claimed that he was not an inhabitant of the town in that year, that consequently he was not liable to be assessed for a poll-tax therein, and that his arrest was illegal.    Before his commitment to jail, in order to prevent such commitment and relieve himself from arrest, he paid the collector the tax and the costs of his arrest.    At the trial, the plaintiff recovered a verdict, and the only question presented by the exceptions is as to an instruction upon the question of damages.

A poll-tax had also been assessed against the plaintiff for the year 1897, by the assessors of the town for that year, and had been committed to the same person as collector, and it was claimed in defense that the plaintiff was arrested simultaneously by the same collector upon both warrants, one issued by the defendants, and the other by the assessors of the same town for the year 1897; that the arrest

upon the 1897 warrant was equally illegal, as the plaintiff also denied his liability to be taxed for that year for the same reason, and that consequently the damages should be divided and that the defendants should only be liable for a portion thereof. At the time that the plaintiff paid the 1898 tax and the costs of his arrest, he also paid to the collector the tax for 1897.

Upon this question, the presiding justice, after explaining the contention of the parties in this respect, instructed the jury as follows: "But I instruct you, as a matter of law, that if this man was arrested at the same time for the (non) payment of both taxes upon both warrants, and the damages arising from one and the other are so intermixed that they can not be separated, that these defendants are liable for the whole amount of damages and suffering which this plaintiff underwent, except the three dollars for the tax of 1897."

We think that this instruction was sufficiently favorable to the defendants. The plaintiff having been illegally arrested upon the warrant issued by the defendants, sustained no separate, and, in fact, no additional injury because of his illegal arrest at the same moment by the same person upon another tax warrant issued by other assessors, and continued concurrently with the other arrest, except as to the amount of money which he was obliged to pay to free himself from arrest upon the 1897 warrant, and this sum, which appears to have been only the amount of the tax, was expressly excluded by the instruction as an element of damage. It would be a strange doctrine if an injury caused by a defendant's tort is in no way increased by the independent but concurrent wrongful act of a third person, that the extent of the defendant's liability in damages should thereby be lessened.

Moreover, these defendants and the assessors for the year 1897, provided the plaintiff was also illegally arrested upon their warrant by the same officer and at the same time, were joint trespassers, although each board of assessors acted independently of each other and neither had knowledge that the plaintiff was to be arrested upon the warrant of the other. The plaintiff in fact suffered only one wrong, his illegal arrest and detention by the one person acting under the authority of the two boards of assessors. The trespasses on the

person of the plaintiff were simultaneous and contemporaneous acts committed on him by the same person acting at the same time for each of these boards of assessors, and the assessors for both of these years, upon whose warrant the plaintiff was simultaneously arrested, were joint tort-feasors. The case of *Stone* v. *Dickinson*, 5 Allen, 29 is directly in point. It is of course a familiar rule that where several persons jointly commit a tort, the person injured has his election to sue all or any of the joint tort-feasors, and in an action against one or more may recover the damages caused by all jointly.

Again, while it is true that persons who act separately and independently, each causing a separate and distinct injury, can not be sued jointly, even though the injuries may have been precisely similar in character and inflicted at the same moment, yet if such persons acting independently, by their several acts directly contribute to produce a single injury, each being sufficient to have caused the whole, and it is impossible to distinguish the portions of injury caused by each, they are then joint tort-feasors within the rule, and may be sued either jointly or severally at the election of the plaintiff, and in such an action against one or more the whole damage may be recovered. 15 Encyl. of Pleading and Practice, 558; *Boston & Albany Railroad Co.* v. *Shanly*, 107 Mass. 568; *Newman* v. *Fowler*, 37 N. J. L. 89. While this rule may not be applicable to all cases, as, for instance, where domestic animals of different owners jointly contribute in causing the same injury, *Van Steenburgh* v. *Tobias*, 17 Wend. 562, 31 Am. Dec. 310, nor perhaps to some other cases, we think it is a salutary rule when applied to such torts as are here complained of.

*Exceptions overruled.*