JAMES T. JONES, Administrator of Elmer Jones, deceased, *vs.* PEOPLES RAILWAY COMPANY, a corporation existing under the laws of the State of Delaware.

*Case— Personal Injuries— Pleading— Demurrer — Declaration— Defective Brake on Car, Sufficiency of Averment—Fellow-Servant.*

1. The rules of pleading require the plaintiff to set forth in his declaration the facts of his claim with such certainty as reasonably to inform the defendant what is proposed to be proved in the case; so that the defendant may have a fair opportunity to meet such facts in preparing his defense. But he is not bound to set forth facts or circumstances the knowledge of which is more properly or peculiarly in the opposite party, or to detail the circumstances minutely; but such circumstances as he does know, and must have contemplated and relied on when he framed his declaration, and are reasonably necessary for the defendant's information, should be specified with reasonable certainty.

2. When the machine which caused the injury complained of was at the time of the accident in the control, use and operation of the plaintiff himself, and to no one could the exact condition thereof be better known than to him, it is not an unreasonable requirement that he should detail the facts within his knowledge showing in what respect the machine was out of order. And this is particularly so when the machine is a complete and complex one, and not a mere part of a machine, or a mere appliance, whose office it is to aid in the running and operation of a machine.

3. An allegation in a declaration that the defendant carelessly and negligently operated a certain car, with a defective air-brake,, and by reason of said defective air-brake the car could not be stopped and the plaintiff was injured—(the plaintiff not being in charge of the brake or even in the car)—*held* sufficient on demurrer.

(*February 13, 1903.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

14

*Robert G. Harman* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, February Term, 1903.

ACTION OF TRESPASS UPON THE CASE (No. 183, September Term, 1901).

Demurrer to amended declaration.    The facts and contentions of counsel appear in the opinion of the Court.

PENNEWILL, J.:—In this case the defendant filed special demurrers to the second and third counts and a general demurrer to the fifth count of the plaintiff's declaration. He has, however, withdrawn his general demurrer, admitting that the fifth count is sufficient.

We have, therefore, to deal only with the special demurrers to the second and third counts; and it is conceded that a decision of the Court upon the demurrer to the second count will dispose of the other because the question raised in each is practically the same.

The second count of the declaration is as follows:

" (2). For that, whereas the defendant is a corporation created by, and existing under the laws of the State of Delaware, and at and prior to the happening of the grievances hereinafter mentioned, was and at the present day still is, a corporation engaged in the business of operating a street railway line on and along certain streets in the City of Wilmington, County of New Castle and State of Delaware, aforesaid,—and the said Elmer Jones, the plaintiff's intestate, was then and there employed as a conductor of one of the passenger street railway cars hereinafter mentioned, used and operated by the said defendant, and the said defendant while engaged in the said business, was charged with the duty of using and operating reasonably safe cars, equipped with reasonably safe appliances and machinery, yet it, the said defendant, disregarding its

duty in that behalf, did, on the thirtieth day of May in the year of our Lord one thousand nine hundred and one, at the place aforesaid, and with full and previous knowledge of the defects hereinafter mentioned, carelessly and negligently use and operate a car known as car Number 5, with a defective air-brake on the street known as Sixth Street in the said City of Wilmington, and by reason of the premises,—that is, the said defective air-brake,—and at the same time and place aforesaid, the said car, while the same was being used and operated in descending a hill of the said Sixth Street, could not be stopped, and it, the said car, with terrific force ran into another car used and operated by said defendant, and known as car Number 16, on which last mentioned car was one Elmer Jones, plaintiff's intestate,—the said Elmer Jones, at the time of said collision being in the exercise of due care and caution on his part, and in the proper discharge of his duties as conductor of the said car, and by reason of the premises the said Elmer Jones, was then and there so badly hurt, cut, bruised, wounded and injured, that he afterward, to wit, on the thirty-first day of May in the year of our Lord, one thousand nine hundred and one, died, of and from the said cuts, bruises, wounds and injuries received by and through the said negligence and carelessness of the said defendant; wherefore the said plaintiff saith that he, as administrator, is injured, and has sustained damage to the amount of Twenty Thousand Dollars ($20,000), and therefore he brings his suit."

The special demurrer to the second count is as follows:

" 1. It doth not appear from the said second count in what particular, or particulars, the air-brake on the car therein mentioned was defective.

" 2. It does not appear therefrom in what the said air-brake was defective."

The demurrer to the third count differs from that to the second

count in that it refers to a " hand-brake " instead of "air-brake."

The question for the Court to determine, is whether the plaintiff has averred in the second count with sufficient particularity in what respect the air-brake was defective.

In the case of *King vs. Wilmington & New Castle Electric Railway Company, 1 Pennewill, 454,* this Court laid down the rule as to the particularity required in declarations charging negligence, and we think the rule could not be more clearly and correctly stated. The conclusion of the Court in that case seems to be equally applicable to the present. The Court said :

" The rule of pleading in cases of this character is quite clear. The plaintiff must set forth in his declaration the facts of his claim, with such certainty as reasonably to inform the defendant what is proposed to be proved in the case ; so that the defendant may have a fair opportunity to meet such facts in preparing his defense."

At page 456 of the same case the Court said : "We do not mean to say that the plaintiff is always bound to set forth facts or circumstances, the knowledge of which is more properly or peculiarly in the opposite party, or to detail the circumstances minutely; but that such circumstances as he does know and must have contemplated and relied on when he framed his declaration, and are reasonably necessary for the defendant's information, should be specified with reasonable certainty."

In that case there were special demurrers filed to four counts of the declaration.

The Court said : " The third (count) charges the defendant with negligently and carelessly running two cars, upon one of which the said plaintiff was then riding as a passenger for hire, *upon a certain track, which was then and there through the negligence and carelessness of the said defendant improper and unsafe,* whereby the car was thrown from the track and the plaintiff thereby thrown to the ground and injured."

The second count charged that the car ran from the rail from

the negligent running of the defendant; and the fourth count charged that the car jumped from the track by reason of the defendant's careless running.

" While the facts set forth in these three counts are meagre," said the Court, " yet they are sufficient in law, inasmuch as they specify circumstances relied on, such as the car ran from the rail from the negligent running of the defendant, *the car was thrown from the track by reason of an improper and unsafe track;* that the car jumped from the track by reason of the defendant's careless running. These specifications direct the defendant to the peculiar circumstances which are alleged to have caused the injury; and applying the same test, the first count in the declaration is manifestly insufficient. It charges the defendant with so ' negligently and carelessly operating a certain electric car which it was then and there running for the carriage of persons for hire, that thereby the said plaintiff, who was then and there a passenger on said car, was through the negligence and carelessness of said defendant as aforesaid,' thrown from the car and injured." Obviously this count was bad, and the Court very properly said: " This averment is simply the bald statement that the defendant so negligently and carelessly operated a car that the plaintiff was thrown from the car and injured. *Negligently operating* a car is a very general statement, involving a multitude of possible circumstances of negligence, with not one single fact or circumstance stated, which comes within Chitty's rule of admitting almost any proof to sustain it. It is more in the nature of a statement of a conclusion of fact, and contains none of the elements of good pleading. It gives the defendant no specific fact to meet or defend, but turns him loose among a multitude of possible causes of negligence coming within the terms ' *negligently operating a car.*' "

This count, which was held by the Court to be insufficient, was not at all similar to the count under consideration, and the decision is therefore not applicable to the present case.

In the case before us the allegation is that the air-brake upon

the car was defective, so that the car could not be stopped, and in consequence thereof the car ran into another car with such force as to kill the plaintiff's intestate. It is impossible for us to distinguish this case in principle from the third count, so far as the description of the *thing* which caused the accident is concerned. In the one case it was the *track which was* " *improper and unsafe;*" and in the other the *air-brake which was "defective."* Indeed, the defect was described with more particularity in the latter case, inasmuch as it was alleged that by reason of said defective air-brake *the car could not be stopped.*

It seems to us there is enough in the averment " to reasonably inform the defendant of what is proposed to be proved in the case, so that he may have a fair opportunity to meet such facts in preparing his defense." He is not only informed that the air-brake is defective, but that it is defective in this respect or particular *that it would not stop the car.* A defect in an appliance may sometimes, under peculiar facts and circumstances, be described by the result quite as well as by pointing out the particular imperfection in the thing itself.

And besides, in the present case the party injured, while an employee of the defendant at the time of the injury, had nothing whatever to do with the brake which is alleged to have been defective, and was not even in the car which was equipped therewith. Presumably he was as ignorant of what constituted the particular defect in the brake as a passenger in his car. The knowledge of such defect was manifestly " more properly and peculiarly in the defendant," and it is quite probable that the plaintiff has detailed in his declaration all the circumstances known to him or his intestate.

While " it is the purpose of pleading to reasonably and fairly disclose the facts of the case and not conceal them," nevertheless it does not impose upon the plaintiff an impossible or unreasonable requirement.

In the case of *Clark vs. Diamond State Steel Company, 2 Penne-*

*will, 522*, cited by the defendant, the fifth count of the declaration averred that the plaintiff was employed to work upon a certain machine, known as a header, in the said shop; that said defendant negligently and carelessly omitted to provide for the repair and keeping in repair of a certain machine used as a header, etc., whereby the said machine then and there became and was dangerous, unsafe and improper, etc., whereby by reason of the negligence and carelessness aforesaid, the said machine closed upon the left arm of the said plaintiff, and thereby the said plaintiff was injured.

The said count was held to be insufficient because it failed to allege " in what respect the defendant omitted to provide for the repair and keeping in repair the said machine." The demurrer was sustained, the Court delivering no opinion.

In that case the machine which caused the injury complained of, was at the time of the accident in the control, use and operation of the plaintiff himself. To no one could the exact condition of the machine, and of its various parts, be better known than to the plaintiff; and it was not an unreasonable requirement that he should detail the facts within his own knowledge showing in what respect the same was out of repair.

It will also be observed that the machine was, apparently, a complete and complex one. It was not a *part of a machine, nor a mere appliance whose office it was to aid in the running or operation of a machine.*

In the case before us the thing alleged to be defective was not a machine in the sense of that mentioned in the Clark case. It was not something that was complete in itself, complex in its character, and designed to perform a particular and distinct work as in that case; but rather an appliance—a part of a car or complete machine—and designed to assist merely in the running of the car. The plaintiff alleges that the defendant carelessly and negligently operated a car, the air-brake of which was defective; and the particular part of the car that was defective is specifically pointed out, to wit, the air-brake.

The defendant, as we understand, admits that the averment in question would be sufficient if the plaintiff was a passenger, as was the case in *King vs. the Wilmington and New Castle Electric Railway Company*, but insists that the requirement is altogether different when the plaintiff is a fellow-servant, as in the case before us.    In this way he would distinguish the one case from the other—his contention apparently being that in the case of a fellow-servant, even though the air-brake was defective, the company would not be liable.    The logical conclusion of this reasoning would seem to be that it would make no difference even though the defect in the air-brake were described with the greatest possible particularity, it would set out no cause of action because the defendant would not be liable—the person injured being a fellow-servant.    This contention is perhaps more applicable to the proof at the trial than to the averment in the declaration.

A majority of the Court are of the opinion that the second and third counts are sufficient, and the demurrers thereto are overruled.

BOYCE, J., concurred.

LORE, C. J., (dissenting) :

The bald allegation of the declaration, in the second count, is that the defendant company, " carelessly and negligently used and operated the car," * * " with a *defective* air-brake " * * " and by reason of the premises," that is, the defective air-brake, the accident happened.

The allegation in the third count is precisely the same, except that the words "*hand-brake*" are substituted for " *air-brake*."

The question turns upon the single point, is it sufficient to aver simply a *defective* air-brake, without specifying in what the defect consists.

This averment is unaided by any other, as each count expressly says, " By reason of the premises," that is the defective *air-brake* in the second count, and *hand-brake* in the third count.

It is conceded, and indeed is a matter of common knowledge, that an air-brake or hand-brake, such as is used on electric cars, is a complex piece of machinery ; consisting of many parts and of different materials. It may be defective in a great number of ways ; with respect to the material used, the mode of construction, the application or otherwise. Therefore, to aver simply that the brake was *defective*, puts the defendant to the necessity of guessing what particular one of possibly a hundred different defects he may be called upon to meet at the trial. Such an averment comes within the following rule of bad pleading, viz : " a general statement of fact, which admits of almost any proof to sustain it."

Again, the plaintiff sets out, as the single ground of his right to recovery, a *defective* brake. He avers a defect. It is therefore manifest that he knew and contemplated such a specific defect as to make a master liable to his servant. He is, therefore, bound to set it out, under another well settled rule of pleading, viz : " That such circumstances as he does know and must have contemplated and relied on when he framed his declaration, and are reasonably necessary for the defendant's information, should be specified with reasonable certainty."

*King vs. W. & N. C. E. Ry. Co., 1 Pennewill, 456.*

Manifestly, it is reasonable that the defendant should be advised, which of a possible hundred defects the plaintiff meant and relied on when he averred a defective brake in his declaration. The very object of pleading is to disclose and specify, and not to conceal and confuse the fact by vague and general terms which do not inform the defendant of what he is to meet but compel him to speculate thereon.

The general rule is, that where a piece of machinery is complicated so that the defects may be many, a general averment simply that it is *defective* is bad. The averment should specify what of a great number of defects is contemplated and relied upon. This is so, whether it be a complete machine in itself, or is used in and as a part of a larger machine. The reason being, the multiplicity

of possible defects  demands a  specification of the  particular defects averred and relied upon ; and in no wise depends upon whether the machine is complete in itself,or is a part of a larger machine.

This rule is peculiarly applicable to this case, which is one of master and servant ; for the reason that the servant is presumed to be competent and skilled in the work he undertakes with a competent knowledge of the instruments used therein.

The plaintiff lays much stress upon the case of *King vs. W. & N. C. E. Railway Co.*, before referred to, and urges that the third count in that case, which was held good by the Court, corresponds with counts numbers 2 and 3 in the case now before us.

Examination shows that in the third count in the King case, the defendant was charged with " negligently and carelessly running two cars upon a certain track which was then and there through the negligence and carelessness of the defendant improper and unsafe." * * " Whereby the car was thrown from the track and the plaintiff thrown off and injured."  The improper and unsafe track is coupled in the count with the negligence and careless running of two cars on the track ; the unsafe track being only one element of the averment.

If the averment had been that the defendant used and operated a car upon an improper and unsafe track only and had there stopped, it would then have been like the counts in the case now before us, where the averments are that the defendant used and operated a car with a defective brake simply.

The second and third counts in the case now before us correspond much more nearly with the first count in the King case, which was held bad by the Court in that case, and the very words used in this case, " negligently operating," were held to be too general.

The King case dealt with the obligation of a common carrier to its passenger for hire, and specifically with the negligent running of cars upon an open track and in no wise related to a complicated or complex machine or machinery, and therefore in particularity of

pleading and of statement of facts does not apply to the case before us, which involves the relation of master and servant, requiring such particularity of pleading as to disclose the master's negligence and liability.

In my judgment, therefore, these two counts are defective and the demurrer should be sustained.