GRAVES v. CITY & SUBURBAN TELEGRAPH ASS'N et al.

(Circuit Court, S. D. Ohio, W. D.    January 23, 1904.)

**1. NEGLIGENCE—CONCURRENT ACTS OF TWO DEFENDANTS—JOINT LIABILITY.**

Where the negligence of two persons, although acting independently, concurs in producing an injury to a third, they are joint tort feasors, and may be joined as defendants in an action for the injury, at the plaintiff's election.

**2. SAME—ACTION FOR DEATH—SUFFICIENCY OF PETITION.**

A petition alleging that a telephone company negligently suffered the feed wire of a traction company "to be and remain for a long time" in contact with an iron spike driven into one of its poles for a step, and the insulation at the point of contact to be and remain worn, defective, and imperfect, so that the metal of said wire was in contact with the metal of the spike, by reason of which plaintiff's intestate, on placing his foot on the step, received a charge of electricity, which caused his death, is sufficient, as against a demurrer, to charge the company with negligence, although it does not allege actual knowledge of the dangerous condition.

On Demurrer to Petition.

Harmon, Colston, Goldsmith & Hoadly, for plaintiff.

Peck, Shaffer & Peck and Outcalt & Foraker, for defendants.

THOMPSON, District Judge.  The case is submitted upon demurrer to the petition, the grounds of demurrer being, first, that the petition does not state facts sufficient to constitute a cause of action; second, that there is a misjoinder of parties defendant; third, that separate causes of action against the several defendants are improperly joined.

The petition shows that a pole of the telephone company erected on Harrison avenue for the purpose of carrying its wires had iron spikes driven into it at intervals along its sides, to serve as steps to enable persons having occasion to do so to ascend the pole; that the traction company had lines of trolley and feed wires carried on iron poles or posts on the same street, near to the telephone company's line of poles and wires; that one of the feed wires of the traction company, through the negligence of the two companies, was suffered to be and remain for a long time in contact with one of the iron spikes aforesaid, where, by reason of insufficient insulation, the metal of the feed wire came in contact with the metal of the spike; that a guy wire of the traction company extended from one of its iron poles past and touching the wooden pole of the telephone company to and supporting certain braces and stays connected with and supporting the trolley wires of the traction company; that through the negligence of the traction company the guy wire was not provided with a circuit breaker, between the iron pole and the wooden pole, to prevent currents from passing along the same through the iron pole to the ground; that the National Automatic Fire Alarm Company obtained from the telephone company the right to use said wooden pole to carry its wires; and that the plaintiff's intestate, Thomas J. Graves, an employé of the National Automatic Fire Alarm Company, in the discharge of his duties as

¶ 1. See Parties, vol. 37, Cent. Dig. § 35.

such employé, and for the purpose of stretching the wire of the National Automatic Fire Alarm Company upon said wooden pole, ascended the same, and in so doing placed his foot upon the iron spike aforesaid, which was in contact with the feed wire of the traction company, and at the same time necessarily came in contact with the guy wire, receiving a heavy current of electricity through his body, which caused him to fall to the ground and receive injuries which resulted in his death.

Upon this state of fact, the plaintiff claims that the death of Graves was caused by the concurring negligence of the two companies—the telephone company and the traction company—and that they are jointly and severally liable for the loss sustained. The two companies, however, insist that they are improperly joined as defendants, because the torts complained of are not joint, although they may be concurrent and related, and in support of that proposition cite Morris v. Woodburn, 57 Ohio St. 330, 48 N. E. 1097, and point out that the negligence of the traction company "lies in not preventing an escape of a dangerous current of electrical fluid which it was conveying through a street by its feed wire," and that "its duties and liabilities are greater than those of the telephone company to see that its pole is not made dangerous by the presence of a trespasser."

The question presented in Morris v. Woodburn, supra, was whether the mere omission of the city of East Liverpool to perform its statutory duty in keeping the sidewalk in question in repair rendered the city alone liable for the injury sustained by the plaintiff, or whether the defendant was primarily liable therefor because she had created a nuisance dangerous to those using the walk; and the court said (page 335, 57 Ohio St., page 1097, 48 N. E.):

"These are concurrent and related torts, but they are not joint. In view of their independent character, the plaintiff might, at her election, maintain her action against either the city, for its omission of duty, or against Mrs. Morris, for the creation of the nuisance which occasioned her injury. And it appears from reason and authority that the primary liability in such case is upon him who actively creates the nuisance, so that, if a recovery were had against the city, it might in turn recover from the perpetrator of the wrong. Chicago v. Robbins, 2 Black, 418, 17 L. Ed. 298; Robbins v. Chicago, 4 Wall. 657, 18 L. Ed. 427; Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760. The liability of the owner of the abutting property for an injury resulting from torts of this character, notwithstanding the omission of duty by the municipality, is necessarily implied in Clark v. Fry, 8 Ohio St. 358, 72 Am. Dec. 590, and Railroad v. Morey, 47 Ohio St. 207, 24 N. E. 269, although the precise question may not have been raised."

The question presented by this demurrer was not before the court in Morris v. Woodburn, supra.

In Clerk & Lindsell, Torts, 54, it is said:

"Where, however, the tortious acts of several persons contribute to produce but one joint damage, such persons will, it is suggested, be joint tort feasors, however independent their acts may be. Thus, if a person wrongfully leave unfenced a pit which he has dug by the side of a high road, and another wrongfully does some act in the road whereby horses passing along it take fright and swerve into the pit, or if some person negligently allows an escape of gas which another person negligently causes to explode by taking a lighted candle into the room, in each of such cases the two independent persons will presumably be joint tort feasors, for each will be liable for the whole damage done. There is, indeed, apparently no direct authority on the point. But in

Palmer v. Wick & Pulteneytown Steam Shipping Co. [1894] App. Cas. 318, where a stevedore's workman, while engaged in discharging pig iron from a ship, was killed by the fall of a block, part of the ship's tackle, and the family of the deceased having brought an action against the shipowner and the stevedore, alleging against the former that he had supplied weak tackle, and against the latter negligence in using it, the jury found both the defendants liable; the House of Lords seem to have treated them as joint tort feasors."

The courts of this country express no doubt, but hold that in such cases wrongdoers are joint feasors. In Allison v. Hobbs, 96 Me. 26, 51 Atl. 245, 246, it is said:

"Again, while it is true that persons who act separately and independently, each causing a separate and distinct injury, cannot be sued jointly, even though the injuries may have been precisely similar in character and inflicted at the same moment, yet if such persons, acting independently, by their several acts directly contribute to produce a single injury, each being sufficient to have caused the whole, and it is impossible to distinguish the portions of injury caused by each, they are then joint tort feasors, within the rule, and may be sued either jointly or severally, at the election of the plaintiff, and in such an action against one or more the whole damage may be recovered."

In 21 Am. & Eng. Enc. Law (2d Ed.) 496, it is said:

"And where the negligence of two or more persons, acting independently, concurrently results in injury to a third, the latter may maintain his action for the entire loss against any one or all the negligent parties; it not being essential, it has been held, to the maintenance of a joint action against several for negligence, that they should be engaged in a common enterprise, or sustain any relations whatever between themselves."

And in Corey v. Havener, 182 Mass. 250, 65 N. E. 69, it is held:

"If two wrongdoers contribute to an injury, they may be sued either jointly or severally; and in the latter case the plaintiff is entitled to judgment against each defendant for the full amount, although it can be satisfied but once."

And see Barrett v. Railway, 45 N. Y. 628.

Here the omissions of duty complained of against the traction company are its failure to properly insulate the feed wire; its failure to provide the guy wire with a circuit breaker; its failure to prevent contact of the guy wire with the pole of the telephone company; its failure to prevent the displacement of the feed wire, and its lodgment on the iron spike of the telephone company's pole, and its failure to remove it therefrom; and the omissions of duty upon the part of the telephone company are its failure to remove the feed wire from the iron spike, and its failure to prevent the contact of the guy wire with the wooden pole. The omissions of each were concurrent, and contributed to produce a single injury, each being sufficient to have caused the whole. If either had performed the duty which the law imposed upon it, the accident would not have occurred. The omissions concurrently resulted in the injury complained of, and there is no misjoinder of parties.

But it is said that no cause of action is shown against the telephone company, because it does not appear that it had notice of the lodgment of the feed wire upon the iron spike of its pole, or the contact of the guy wire with its pole, and that it cannot be chargeable with constructive knowledge of the conditions of danger created thereby. The petition alleges that:

"Said wires were not properly insulated, and, through the negligence of said Cincinnati Traction Company and the City & Suburban Telegraph Association, one of said wires had been suffered to be and remain for a long time

in contact with one of the iron steps aforesaid, and the insulation at the point of such contact to be and remain worn, defective, and imperfect, so that the metal of said wire was in contact with the metal of said iron step or spike."

It appears that this condition had continued for a long time, and this fact, taken in connection with the allegation of negligence, warrants the inference that the exercise of ordinary care in the performance of the duty of inspection of its line of wires and poles would have disclosed to the telephone company those conditions of danger. The indefiniteness of this paragraph might justify a motion to make it more definite and certain, but on demurrer I think it is sufficient.

The demurrer of the defendants will therefore be overruled.