### GULF, C. & S. F. RY. CO. et al. v. CITIES SERVICE CO. et al.

(District Court, D. Delaware. May 10, 1922.)

1. **Corporations ⬤⟳225—Corporation, using its stock ownership in another to control it, liable for latter's breach of contract.**

   Mere stock ownership does not make the stockholder responsible for the obligations of a corporation; but, where stock ownership is resorted to for the purpose of so controlling a subsidiary company that it becomes a mere agent of the owning company, the latter company may not escape liability for breach of a contract by the subsidiary.

2. **Parties ⬤⟳16—Persons jointly damaged by tort may join as plaintiffs.**

   Where breach of a contract causes damage to two persons having a joint interest therein, they may join as plaintiffs in an action against a third person, who wrongfully caused the breach.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by the Gulf, Colorado & Santa Fé Railway Company and Walker D. Hines, Director General of Railroads, against the Cities Service Company and the Empire Refining Company. On demurrers to amended declaration. Overruled.

See, also (D. C.) 270 Fed. 994; (D. C.) 273 Fed. 946.

John Biggs and Percy Warren Green, both of Wilmington, Del., for plaintiffs.

George N. Davis, of Wilmington, Del., for defendants.

MORRIS, District Judge. After the opinion reported in 273 Fed. 946, was filed, the declaration was amended. It now states, in effect, that the defendants, in causing the alleged breach of contract, acted in concert, and that the means resorted to by the defendants to bring about such breach was stock ownership, used, not in the usual and normal manner, but for the purpose of exercising actual domination and control by the defendants over the property and affairs of Producers' Refining Company. The amended declaration has been demurred to by each of the defendants upon the grounds that stock ownership is not sufficient to create a liability on the part of the defendants for a breach of contract by Producers' Refining Company; that the declaration is still wanting in particularity with respect to the means employed to bring about the alleged breach of contract; and, in view of the prior opinion, that the railway company is without any cause of action against the defendants, or either of them, and may not be joined as a party plaintiff.

[1] Unquestionably mere stock ownership does not make the stockholder responsible for the obligations of a corporation. Stone v. C., C., C. & St. Louis Railway Co., 202 N. Y. 352, 95 N. E. 816, 35 L. R. A. (N. S.) 770; Gravel Switch, etc., Co. v. Lebanon L. & L. T. Co., 139 Ky. 151, 129 S. W. 559; Pullman's Palace Car Co. v. Missouri Pacific Ry. Co., 115 U. S. 587, 6 Sup. Ct. 194, 29 L. Ed. 499. But it is equally true that, where stock ownership is resorted to, not for the purpose of participating in the affairs of a corporation in the normal and usual manner of a stockholder, but for the purpose of so controlling a subsidiary company that it becomes a mere agency of the owning company, the latter company may not escape liability for the acts of the subsidiary company. Chicago, M. & St. P. Ry. v. Minn. Civic Ass'n, 247 U. S. 490, 500, 38 Sup. Ct. 553, 62 L. Ed. 1229; U. S. v. Lehigh Valley R. R. Co., 220 U. S. 257, 272, 31 Sup. Ct. 387, 55 L. Ed. 458. The defendants are here charged, not with mere stock ownership, but with the commission of a tort—inducing Producers' Refining Company to break a contract with the plaintiff railway company—and of using their stock ownership as a means to accomplish this unlawful purpose. Under the reasoning of the cases last cited, I think the alleged means is not a legally impossible means, and that the allegations with respect thereto are not wanting in particularity.

[2] In the former opinion it was held that at the time of the breach the railway company was the general owner of the contract rights, and that the Director General had a special property or interest therein. Apparently an entire joint damage to the Director General and to

the railway company resulted from the wrong complained of. In such instances the persons damaged may join in an action against the tort-feasors. Chitty on Pleading, vol. 1, p. 64 et seq.; Coryton v. Lithebye, 2 Wm. Saund. 112, 115, 85 Eng. Rep. 814, 823.

Demurrer overruled.