ARTHUR J. DAIGLE
*vs.*
MARY ANN YESBEC, IRVING STRUM
AND WILLIAM LANDAU

Aroostook.   Opinion, September 10, 1957.

*Bird & Bird,*
*Elmer E. Violette,* for plaintiff.

*Arthur J. Nadeau,* for defendant Yesbec.
*George B. Barnes & Alfred LaBonty,*
for other defendants.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

BELIVEAU, J. On defendants' exception. The defendants filed a special demurrer to the plaintiff's declaration. This was overruled and exception taken.

The declaration alleges an agreement by the plaintiff with one Charles Yesbec on October 1, 1949, for the sale of a strip of land 7½ feet wide, easterly of the land owned by the plaintiff; that this land was conveyed by Yesbec to Mary Ann Yesbec and by her to one of the defendants, Irving Strum, by deed dated November 6, 1954; that the defendant Irving Strum, his servants and agents demolished and destroyed the easterly side of the plaintiff's five-story apartment building, which was erected on the 7½ foot strip. It is alleged that Charles Yesbec "neglected" to give the plaintiff a deed of this strip; that Mary Ann Yesbec had full knowledge of the alleged contract; that on November 6, 1954, Mary Ann Yesbec fraudulently conveyed, by warranty deed, land which included the strip, and that the defendant Strum, wrongfully procured and accepted this deed with full

knowledge of the so-called contract between the plaintiff and Charles Yesbec.

The fraud alleged against Mary Ann Yesbec, Irving Strum and his alleged agent, William Landau, was the fact that they all knew and were aware of the alleged agreement and did nothing to carry out its terms.

There are several causes for the demurrer alleged by the defendants. Passing upon the first cause is sufficient to dispose of this case and for that reason we are giving no consideration to other matters set forth in the demurrer nor to the many apparent defects in the declaration.

The first cause, and the one we are concerned with here, alleges that, ". . . . the plaintiff has declared against the defendants jointly in a plea of the case and in his declaration has set forth and alleged separate and distinct acts of tort by each of the several defendants without alleging consort design or unity on the part of the defendants and further the injuries set forth in said declaration are not one and identical, wherefore the liability, if any, if the defendants is several and they ought not to be joined in the same action."

In *Allison* v. *Hobbs,* 96 Me. at page 29, in discussing misjoinder of defendants, the court said, ". . . . it is true that persons who act separately and independently, each causing a separate and distinct injury, can not be sued jointly, even though the injuries may have been precisely similar in character and inflicted at the same moment," and in *Gordon, Pro Ami* v. *Lee and Scannell,* 133 Me. at page 363, "Persons who do not cooperate, the harm by each being distinct, cannot be sued jointly, even though the harms may have been precisely similar in character, *Allison* v. *Hobbs,* 96 Me. 26, 51 A. 245, 246."

Having in mind the rule so well understood generally, and stated in our court in the above two cases, it is clear that the defendant, Yesbec, cannot be held responsible for

the destruction of that part of the building on the 7½ foot strip, by Strum and his agents. This is separate and distinct from the fraud claimed and alleged against the defendant, Yesbec, in the declaration.

> "At common law misjoinder of parties defendant may be objected to by demurrer where the misjoinder appears from the face of the complaint. A joint demurrer lies at common law in an action ex delicto where several defendants are sued jointly for a tort that cannot, in point of law, be joint, but not where the tort can be joint." 67 C.J.S., Parties Sec. 138b (2). See also 39 Am. Jur., Parties Sec. 121; 1 Chitty on Pleadings 128.

The alleged liability of the defendants is several, and for that reason the defendants cannot be joined in this action.

*Exception sustained.*
*Demurrer sustained.*